Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back

Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 17-08-10524

| | |
|---|---|
| Maria Ball VS. Metropolitan Lloyds Insurance Company of Texas, Tailored Adjustment Services, Inc. | § § § § § |

| | |
|---|---|
| Case Type: | Contract Consumer/Comm/Debt >$100,000 but <$200,000 |
| Date Filed: | 08/31/2017 |
| Location: | 284th Judicial District Court |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | **Metropolitan Lloyds Insurance Company of Texas** CT Corporation System 1999 Bryan Street Suite 900 Dallas, TX 75201-3136 | **Dennis D. Conder** *Retained* 214-748-5000(W) |
| Defendant | **Tailored Adjustment Services, Inc.** Registered Agent James Buchanan 1304 Walnut Hill Lane Suite 100 Irving, TX 75038 | |
| Plaintiff | **Ball, Maria** 6200 Savoy Dr Suite 1150 Houston, TX 77036 | **Robert C Lane** *Retained* 713-595-8200(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 08/31/2017 | Original Petition (OCA) |
| 08/31/2017 | E-Filed Original Petition Document |
| 08/31/2017 | Civil Case Information Sheet |
| 08/31/2017 | Request For Service |
| 08/31/2017 | Jury Fee Paid |
| 08/31/2017 | Jury Trial Requested |
| 09/05/2017 | Citation |

| | | |
|---|---|---|
| Metropolitan Lloyds Insurance Company of Texas | Served Returned | 09/12/2017 09/13/2017 |
| Tailored Adjustment Services, Inc. | Unserved | |

| | |
|---|---|
| 09/13/2017 | Return of Citation |
| 09/29/2017 | Original Answer |
| 09/29/2017 | Jury Trial Requested |

---

### FINANCIAL INFORMATION

| | | |
|---|---|---|
| **Plaintiff Ball, Maria** | | |
| Total Financial Assessment | | 409.00 |
| Total Payments and Credits | | 409.00 |
| **Balance Due as of 10/10/2017** | | **0.00** |
| 08/31/2017 | Transaction Assessment | 409.00 |
| 08/31/2017 | E-File Electronic Payment   Receipt # 2017-150556 | Ball, Maria | (409.00) |



Received and E-Filed for Record
8/31/2017 10:00 AM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. <u>17-08-10524</u>

| | | |
|---|---|---|
| **MARIA BALL,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **METROPOLITAN LLOYDS** | § | Montgomery County - 284th Judicial District Court |
| **INSURANCE COMPANY OF TEXAS** | § | |
| **and TAILORED ADJUSTMENT** | § | |
| **SERVICES, INC.,** | § | |
| | § | |
| **Defendant.** | § | **_____ JUDICIAL DISTRICT** |



### <u>PLAINTIFF'S ORIGINAL PETITION</u>

Plaintiff Maria Ball (hereinafter "Plaintiff"), by and through the undersigned counsel, files this *Plaintiff's Original Petition*, complaining of Metropolitan Lloyds Insurance Company of Texas (hereinafter "Defendant" or "Lloyds") and Tailored Adjustment Services, Inc. (hereinafter "Defendant" or "Tailored") (collectively "Defendants"), and would respectfully show this Honorable Court the following:

### I.
### <u>DISCOVERY PLAN</u>

1.  Plaintiff intends discovery to be conducted under Level 3 of the Texas Rules of Civil Procedure, Rule 190.4.

### II.
### <u>PARTIES</u>

2.  Plaintiff is an Individual that owns real property in Montgomery County, Texas.

3.  Defendant Metropolitan Lloyds Insurance Company of Texas is an insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served with process by certified mail, return receipt requested, by serving its Registered Agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Service is hereby requested.

4.    Defendant Tailored Adjustment Services, Inc. is an insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served with process by certified mail, return receipt requested, by serving its Registered Agent, James Buchanan, 1304 Walnut Hill Lane, Suite 100, Irving, Texas 75038. Service is hereby requested.

## III.
## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction over this action because Plaintiff seeks damages within the jurisdictional limits of this Court and because the causes of action asserted herein are not subject to exclusive jurisdiction in another court.

6.    This Court has jurisdiction over Defendant Metropolitan Lloyds Insurance Company of Texas because this Defendant is an insurance company that engages in the business of insurance in Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

7.    This Court has jurisdiction over Defendant Tailored Adjustment Services, Inc. because this Defendant is a Texas business, and Plaintiff's causes of action arise out of this Defendant's activities in Texas.

8.    Venue is proper under Texas Civil Practice and Remedies Code § 15.001 *et. seq.* because a substantial part of the events and omissions giving rise to the claims asserted herein occurred in Montgomery County, Texas. Furthermore, venue is proper in Montgomery, County, Texas under Texas Civil Practice and Remedies Code § 15.032 because the insured property is located in this county.

## IV.
## FACTUAL BACKGROUND

9.    Plaintiff is the owner of a Texas Homeowner's Insurance policy (hereinafter referred to as "the Policy"), which was issued by Metropolitan.

10.   Metropolitan sold and issued Plaintiff the Policy insuring the Property against damages caused by hail, windstorm and other covered perils.

11.   During the effective policy period, Plaintiff owned real property with improvements located at 8912 Forest Lake Drive, Montgomery, Texas 77316, located in Montgomery County (hereinafter referred to as "the Property").

12.   During the effective policy period, the Property described above sustained severe damages to the roof due to the direct force of wind and hail. As a result, the inside of the Property sustained extensive damage, including water damage to ceiling in living room and bedroom.

13.   Plaintiff duly notified Metropolitan of the damage sustained, and asked that Metropolitan pay for damages to the Property and other damages covered by the terms of the Policy.

14.   Metropolitan then assigned Plaintiff Claim No. JDG54839 (hereinafter "the Claim").

15.   After its investigation, Metropolitan ultimately acknowledged a covered loss event caused damages to the interior, but denied coverage for the exterior and underpaid the claim, misrepresenting to Plaintiff the true scope and amount of the loss despite obvious and easily identifiable damages for which its liability for the extension of further coverage was reasonably clear.

16.   As set forth below, Metropolitan failed to comply with the Policy, the Texas Insurance Code, and Texas law in handling Plaintiff's Claim by:

   a)   Wrongfully denying Plaintiff's Claim for full repairs to the Property even though the Policy provides coverage for losses such as those Plaintiff is claiming;

   b)   Underpaying some of Plaintiff's Claim by not providing full coverage for damages sustained to the Property;

- 3 -

    c)     Improperly and inadequately scoping the damages to the Property during Defendant's investigation; and

    d)     Continuing to delay in the payment of damages to the Property, including the roof and interior.

17.    Additionally, Metropolitan breached its contractual obligation to Plaintiff by continuing to refuse to adequately compensate Plaintiff for the damage to the Property pursuant to the terms of the Policy.  Notably, Metropolitan refused to pay for the proceeds of the Policy despite the fact pre-suit demand for payment in an amount sufficient to cover the damage to the Property was made.

18.    Plaintiff complied with all obligations under the Policy, and all conditions precedent to recovery upon the Policy are satisfied.

19.    Metropolitan continues to delay in the payment of the damage to the Property despite Plaintiff's requests.  Accordingly, Plaintiff has still not been paid in full for the damages to the Property.

20.    As a result of Metropolitan's wrongful acts and omissions, Plaintiff was forced to retain legal counsel to represent Plaintiff with respect to these causes of action.

### V.
### CAUSES OF ACTION

**BREACH OF CONTRACT** (against Metropolitan)

21.    Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

22.    Although Plaintiff fully cooperated Metropolitan, and despite the fact that all conditions precedent to recovery have been performed, waived, excused, or otherwise satisfied, Metropolitan has failed and refused to pay to Plaintiff the benefits due under the Policy/contract of insurance in question, which was in full force and effect at the time of the occurrence which forms the basis of this lawsuit.

-4-

23. Plaintiff has been required by the actions of Metropolitan to retain the services of undersigned counsel and has agreed to pay undersigned counsel reasonable attorney's fees.

24. Metropolitan's breach proximately caused Plaintiff's injuries and damages.

## UNFAIR SETTLEMENT PRACTICES

25. Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

26. Metropolitan violated TEX. INS. CODE § 541.060(a) by engaging in unfair settlement practices during the handling of the claim. All of Metropolitan's violations are actionable pursuant to TEX. INS. CODE § 541.151.

27. Metropolitan engaged in the following unfair settlement practices:

   a) Pursuant to TEX. INS. CODE § 541.060(a)(1), misrepresenting to Plaintiff material facts or Policy provisions relating to the coverage at issue by indicating that the damage to the Property was not covered under the Policy even though it was reasonably clear that the damage was caused by a covered peril.

   b) Pursuant to TEX. INS. CODE § 541.060(a)(2)(A), failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Metropolitan's liability under the Policy was reasonably clear. Specifically, Metropolitan failed to make an attempt to settle the Claim fairly despite the fact that Metropolitan was aware of its liability to Plaintiff under the Policy.

   c) Pursuant to TEX. INS. CODE § 541.060(a)(3), failing to promptly provide Plaintiff with a *reasonable* explanation of the basis in the Policy, in relation to the facts or applicable law, for Metropolitan's denial of the claim or offer of a compromise settlement of the Claim. Specifically, Metropolitan failed to offer Plaintiff adequate compensation for damages to the Property without *reasonable* explanation as to why full payment was not being made.

   d) Pursuant to TEX. INS. CODE § 541.060(a)(7), refusing to pay Plaintiff's Claim without conducting a *reasonable* investigation with respect to the Claim. Metropolitan's outcome-oriented investigation of the Claim resulted in an unfair evaluation of the damage to Plaintiff's Property.

28. Each of the foregoing unfair settlement practices was committed with knowledge by Metropolitan, and was a producing cause of Plaintiff's injuries and damages.

## Adjuster Defendant

29.   Tailored was assigned by Defendant Metropolitan to evaluate Plaintiff's claim, and was directed to investigate the claim and communicate with Plaintiff about the policy and its terms.

30.   Tailored is independently liable for its unfair and deceptive acts, despite the fact that he was acting on behalf of the insurance carrier, because it is a "person" as defined by Tex. Ins. Code § 541.002(2).  The term person is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster, or life and health insurance counselor."  Tex. Ins. Code § 541.002(2); *See also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482,484 (Tex. 1998); *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 282 (5th Cir. 2007).

31.   Tailored was required to conduct a thorough investigation of Plaintiff's claim, to include fully quantifying the damage done to Plaintiff's property, the cause, and whether the loss is covered.

32.   After investigation, however, Tailored has issued a report and claim decision that failed to fully quantify the damage done to Plaintiff's property and failed to recommend acceptance of coverage for the full scope and amount of Plaintiff's claim, despite the existence of reasonably clear evidence warranting the extension of further coverage that was at all times apparent during the claim investigation.

33.   This failure demonstrates that Tailored did not conduct a thorough investigation of the Claim.

34.   By failing to properly investigate this Claim and recommending an underpayment of coverage for the true scope and amount of the full claim, Tailored mispresented material

facts to Plaintiff (the true value of the covered loss and coverage) and therefore engaged in

unfair settlement practices.

35.    Moreover, Tailored failed to provide Plaintiff with a *reasonable* explanation as to why the

insurance carrier was not paying Plaintiff for the full value of the covered loss. Tailored's

claim explanation was *unreasonable* in that it misrepresented coverage and the true scope

and amount of the claim, despite obvious and easily identifiable damage for which

Metropolitan's liability for the extension of further coverage was reasonably clear.

36.    Tailored engaged in the following unfair settlement practices:

a)    Pursuant to TEX. INS. CODE § 541.060(a)(1), misrepresenting to Plaintiff material facts or Policy provisions relating to the coverage at issue by misrepresenting coverage and the true scope and amount of the claim, even though obvious evidence of covered damages warranting the extension of further coverage was at all times reasonably clear during Defendant's claim investigation;

b)    Pursuant to TEX. INS. CODE § 541.060(a)(2)(A), failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though the liability under the Policy was reasonably clear. Specifically, the property exhibited obvious conditions indicative of damage due to a covered peril, making liability for coverage under the policy reasonably clear. Despite this reasonably clear evidence of liability under the policy, Tailored failed to make an attempt to settle the Claim fairly and instead issued a claim decision that failed to acknowledge and accept coverage for the true scope and amount of the claim;

c)    Pursuant to TEX. INS. CODE § 541.060(a)(3), failing to promptly provide Plaintiff with a *reasonable* explanation of the basis in the Policy, in relation to the facts or applicable law, for Defendant's denial of the claim or offer of a compromise settlement of the Claim. Specifically, Tailored's claim explanation was unreasonable in that it misrepresented coverage and the true scope and amount of the claim, despite reasonably clear evidence of covered damages warranting the extension of further coverage under the policy; and

d)    Failing to conduct a reasonable investigation of Plaintiff's Claim pursuant to Tex. Ins. Code § 541.060(7).    Specifically, Tailored conducted an outcome oriented investigation of the claim that resulted in an unfair evaluation of the damage to Plaintiff's property.

37.    Each of the foregoing unfair settlement practices was committed with knowledge by

Tailored, and was a producing cause of Plaintiff's injuries and damages.

**MISREPRESENTATION OF INSURANCE POLICY VIOLATIONS** (against Metropolitan)

38.   Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

39.   Additionally, Metropolitan made misrepresentations about Plaintiff's insurance policy and claim in violation of TEX. INS. CODE § 541.061.  All of Metropolitan's violations are actionable pursuant to TEX. INS. CODE § 541.151.

40.   Metropolitan engaged in deceptive insurance practices by making an untrue statement of material fact in violation of § 541.061(1).  Specifically, Metropolitan misrepresented the true scope and amount of coverage under the policy, even though its liability for the extension of further coverage was at all times reasonably clear during the claim investigation.

41.   Each of the foregoing unfair settlement practices was committed with knowledge by Metropolitan, and was a producing cause of Plaintiff's injuries and damages.

**PROMPT PAYMENT OF CLAIMS VIOLATIONS** (against Metropolitan)

42.   Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

43.   Plaintiff's Claim is a claim under the insurance Policy issued by Defendant, of which Plaintiff gave Defendant proper notice. As set forth more fully below, Defendant's conduct constitutes a violation of the Texas Prompt Payment of Claims Statute, which is made actionable by TEX. INS. CODE § 542.060.

44.   Specifically, Defendant violated the Prompt Payment of Claims provisions of TEX. INS. CODE § 542 by delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE § 542.058.  Specifically, Defendant delayed full payment of the Claim and, to date, Plaintiff has still not received any payment on this Claim.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING/BAD FAITH (against Metropolitan)

45.   Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

46.   Since Plaintiff initially presented the Claim to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear.  The wind/hail damages to the property was at all times reasonably clear during Defendant's claim investigation, such that any adjuster or insurance carrier acting in good faith would know or should have known to acknowledge and accept coverage for such damages. Instead, Defendant purposely failed to acknowledge and accept full coverage for reasonably clear hail/wind damage.  Alternatively, Defendant was grossly negligent in failing to acknowledge and accept full coverage for the reasonably clear wind/hail damages to the property.

47.   As a result of Defendant's outcome-oriented investigation, Defendant continues to refuse to pay Plaintiff in full for the Claim.

48.   Metropolitan denied coverage and delayed payment for the full amount of Plaintiff's claim when it had no reasonable basis for doing so.  Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, and its failure, as set forth above, to adequately and reasonably investigate and evaluate Plaintiff's Claim, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## KNOWLEDGE

49.   Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

50.    Each of the acts as set forth in each of the afore-mentioned causes of action, together and

singularly, were done "knowingly" as that term is used in the Texas Insurance Code and

were a producing cause of Plaintiffs' damages described herein.

## VII.
## DAMAGES

51.    Plaintiff would show that all of the aforementioned acts, taken together or independently,

establish the producing causes of the damages sustained by Plaintiff.

52.    Plaintiff's damages have yet to be fully addressed or repaired since the incident, causing

further damage to the Property and causing undue burden to Plaintiff.  Upon trial of this

case, it will be shown that these damages are a direct result of Defendant's improper

handling of the Claim in violation of the laws set forth above.

53.    For the breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is

the amount of the Claim, together with attorneys' fees.

54.    As a result of the noncompliance with the Texas Insurance Code Unfair Settlement

Practices provisions, Plaintiff is entitled to actual damages, which includes the loss of the

contractual benefits that should have been paid pursuant to the Policy, mental anguish,

court costs, and attorneys' fees.  For Defendants' knowing conduct in violating these laws,

Plaintiff respectfully requests treble damages pursuant to TEX. INS. CODE § 541.152.

55.    Pursuant to TEX. INS. CODE § 542.060, as a result of the noncompliance with the Texas

Insurance Code Prompt Payment of Claims provisions, Plaintiff is entitled to the entire

amount of the Claim, eighteen (18) percent interest per annum on the amount of the Claim

and reasonable and necessary attorneys' fees.

56.    For the breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled

to compensatory damages, including all forms of loss resulting from Defendant's breach,

exemplary damages, and damages for emotional distress.

57.   As a result of the necessity in engaging the services of an attorney to prosecute this claim, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

58.   Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is seeking monetary relief over $ 100,000.00 but not more than $200,000.00

### VIII.
### JURY DEMAND

59.   Plaintiff hereby requests that all causes of action alleged herein be tried before a jury, and hereby tenders the appropriate jury fee.

### IX.
### WRITTEN DISCOVERY

60.   Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose the information or material described in Rule 194.2.

61.   Attached to this petition are Plaintiff's Requests for Production and Plaintiff's Interrogatories.

### X.
### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that upon trial hereof, final judgment be rendered for Plaintiff as follows:

1)   Judgment against Defendant for actual damages, including mental anguish, in an amount to be determined by the jury;

2)   Statutory penalties;

3)   Treble damages;

4)   Exemplary and punitive damages;

5)   Prejudgment interest as provided by law;

6)   Post-judgment interest as provided by law;

7)   Attorneys' fees;

8)   Costs of this suit; and

9)   Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE LANE LAW FIRM, PLLC**

By:   */s/ Robert C. Lane*
Robert C. Lane
State Bar No. 24046263
Jack Kitchen
State Bar No. 24084320
6200 Savoy Drive, Suite 1150
Houston, Texas 77036
(713) 595-8200 – Telephone
(713) 595-8201 – Fax
**ATTORNEYS FOR PLAINTIFF**

CAUSE NO. _____

| | | |
|---|---|---|
| MARIA BALL, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS | § | |
| and TAILORED ADJUSTMENT | § | |
| SERVICES, INC., | § | |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S REQUESTS FOR PRODUCTION OF DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS

TO:  Defendant, Metropolitan Lloyds Insurance Company of Texas, by and through its registered agent for service of record, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant take notice that you are required to serve your responses to Plaintiff's Requests for Production within fifty-one (51) days after the service of this notice. Your answers must be in writing and provided under oath. Please note that you have a duty to supplement your answers should you later learn that an answer you have given was incorrect when given, or that an answer, while correct when given, is no longer true.

Respectfully submitted,

THE LANE LAW FIRM, P.L.L.C.

By: /s/ Robert C. Lane
Robert "Chip" C. Lane
State Bar No. 24046263
lane@lanelaw.com
Jack D. Kitchen
State Bar No. 24084320
Jack.kitchen@lanelaw.com

1

6200 Savoy Drive, Suite 1150
Houston, Texas 77036-3300
(713) 595-8200 – Telephone
(713) 595-8201 – Facsimile
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 31ˢᵗ day of August, 2017, the foregoing discovery was filed with Plaintiff's Original Petition for service to the following:

CT Corporation System
1999 Bryan Street, Suite 900
Dallas, Texas 75201-3136
**REGISTERED AGENT FOR,**
**METROPOLITAN LLOYDS**
**INSURANCE COMPANY OF TEXAS**

*/s/ Robert C. Lane*
Robert C. Lane

2

## A.    Instructions and Definitions

1.    Answer each request for documents separately by listing the documents and by describing them as defined below.  If documents are numbered for production, in each response provide both the information that identifies the document and the document's number.

2.    Log.  For each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information.  State the specific grounds for the claim of privilege or other ground for exclusion.  Also, for each document you claim is not discoverable, state the date of the document, the name, job title and address of the person who prepared it; the name, job title and address of the person now in possession of the document; a general description of the subject matter of the document; and the present location and the custodian of the document.

3.    Lost/Destroyed Documents.  For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located and the reasons for the disappearance.  Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

4.    Document Format.  Pursuant to Rule 196.4 of the Texas Rules of Civil Procedure, you are requested to produce any responsive documents that are in electronic or magnetic form.  If reasonably available, the data should be produced in printed form.  Otherwise, such data should be produced in the form in which it is maintained or stored together with a description of the necessary electronic or magnetic retrieval methods and the means to so retrieve (if such methods are otherwise unavailable to Plaintiff).

5.    "All" shall mean "any," and vice versa.

6.    "And" and "or" shall be construed either disjunctively or conjunctively whenever appropriate in order to bring within the scope of the Requests any information or documents which might otherwise be considered beyond its scope.

7.    "Communications" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written communications and oral communications.

8.    "Relating to," "concerning," "pertaining to," "regarding," "reflecting," "in connection with" (or any form thereof) shall mean constituting, comprising, respecting, supporting, contradicting, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to.

9.    "Describe" or "state" shall mean to represent, delineate, and give an account of in words any and all information allowed to the fullest extent of the law.

3

11.    "Document" or "documents" shall mean all documents and tangible things as defined by Rule 192.3(b) of the Texas Rules of Civil Procedure, including, but not limited to, all written, reported, recorded, printed or typed or graphic matter, and tangible things, however produced or reproduced, now or at any time in the possession, custody or control of you, including but not limited to all papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, data compilations, electronic data, magnetic data, files (see next definition), letters, correspondence, telegrams, telexes, electronic mail, cables, telephone records, logs and notations, intra summaries, messages, audio tapes, digital recordings, computer discs or tapes, computer programs and software, film, invoices, purchase orders, ledgers, journals and other formal and informal books of record and account, calendars, minutes, bulletins, instructions, work assignments, reports, memoranda, notes, notebooks, speeches, brochures, overhead slides, drafts, data announcements, public and governmental filings, opinions, worksheets, statistics, contracts, agreements, press releases, public statements and/or announcements, parts lists, Bill of Material (BOMs), production plans or forecasts, inventory lists (including work in progress and finished goods), parts orders and forecasts, intra-corporate drafts of the foregoing items and copies or reproductions of the foregoing upon which notations in writing have been made which do not appear on the original, and shall be deemed to include all tangible items not otherwise referred to above.

12.    "Files" shall mean and refer to any compilation or "documents" in a folder, box, binder, file, or other device for the purpose of storing, organizing, or otherwise, and all "files" shall be identified as to source and location in connection with the production of "documents" and/or "files."

13.    As used herein, the term "person" includes any individual, partnership, company, proprietorship, association, corporation, joint venture, firm, trust, business, or any other legal entity whether public or private.

14.    All entities named or referred to herein shall be deemed to include their parent companies, subsidiaries, affiliates and any of the directors, officers, employees, agents and representatives thereof, including attorneys and investment bankers.

15.    "Defendant", "you", and "yours" shall Metropolitan Lloyds Insurance Company of Texas, as applicable, each of its subsidiaries, divisions, affiliates, partners, or parents, and any of its officers, directors, employees, agents, representatives, or other persons or entities acting on its behalf or under its direction or control.

16.    The term "Plaintiff" as used herein, shall refer to Maria Ball plaintiff named in the above-referenced lawsuit, as well as his agents and representatives, or other persons acting on his behalf or under their direction or control.

17.    The term "Property" as used herein shall refer to 8912 Forest Lake Drive, Montgomery, Texas 77316.

4

18.     The term "Record(s)" means all documents and writings of any kind, and all communications (as defined above) which are stored or retrievable or recorded in any manner, including originals and all non-identical copies whether different from the originals by notation made on such copies or otherwise, all drafts, alterations, modifications, changes and amendments, graphic or any electronic or mechanical records or representation of any kind.

19.     The "Event" as used herein shall refer to the loss made the basis of Plaintiff's insurance claim bearing Claim No. JDG54839.

20.     "Date of Loss" shall refer to the day the Event occurred.

21.     "The Claim" means the insurance claim made the basis of the breach of contract claim against Defendant in this lawsuit.


B.     **REQUEST FOR PRODUCTION OF DOCUMENTS, ITEMS AND THINGS**


**REQUEST NO. 1:**   The claim files from the home, regional or local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file.  If none, state "none."

**RESPONSE:**

**REQUEST NO. 2:**   The underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.  If none, state "none."

**RESPONSE:**

**REQUEST NO. 3:**   A certified copy of the insurance policy pertaining to the claims involved in this suit.

**RESPONSE:**

**REQUEST NO. 4:**   The electronic diary, including the electronic and paper notes made by Defendant's claims personnel, contractors, and third party adjuster/adjusting firms relating to the Plaintiff's claims.

**RESPONSE:**

**REQUEST NO. 5:**   Your current written procedures or policies (including document(s) maintained in electronic form) that pertain to the handling of homeowner's insurance claims in Texas.

**RESPONSE:**

**REQUEST NO. 6:**   Your current written procedures or policies (including documents maintained in electronic form) that pertain to the handling of complaints made by policyholders in Texas.

**RESPONSE:**

**REQUEST NO. 7:**   The adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

**RESPONSE:**

**REQUEST NO. 8:**   True and complete copies of all billings on the file from the independent adjusters, including the time sheets or documentation used to justify the billings.

**RESPONSE:**

**REQUEST NO. 9:**   Any and all reports, documents or correspondence containing the names and locations of all adjusters who have worked on this file to the present.

**RESPONSE:**

**REQUEST NO. 10:**   Any and all reports, documents or correspondence reflecting the history of payment and reserves on this file.

**RESPONSE:**

**REQUEST NO. 11:**   Any roofing repair reports prepared concerning the Property.

**RESPONSE:**

**REQUEST NO. 12:**   The field notes, measurements and file maintained by the adjuster(s) and/or engineers who physically inspected the subject property.

**RESPONSE:**

**REQUEST NO. 13:**   All emails, instant messages and internal correspondence regarding the investigation, adjusting, payment and/or handling of the claim(s) made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 14:**  Any videotapes, photographs or recordings of Plaintiff or Plaintiff's home, taken within the last five years, regardless of whether you intend to offer these items into evidence at trial.

**RESPONSE:**

**REQUEST NO. 15:**  For the last two years, Defendant's internal newsletters, bulletins, publications and memoranda relating to policies and procedures for handling homeowner's insurance claims, including but not limited to, memoranda issued to claims adjusters.

**RESPONSE:**

**REQUEST NO. 16:**  The price guidelines that pertain to Plaintiff's claim.  In the event you utilize published guidelines or "off the shelf" software, without modification, as your price guidelines, you may respond by simply identifying by name, version, and/or edition the published guidelines you use.

**RESPONSE:**

**REQUEST NO. 17:**  Plaintiff's file from the office of their insurance agent.

**RESPONSE:**

**REQUEST NO. 18:**  For the past two years, the documents, manuals, and training materials, including audio and/or video tapes used in training, overseeing, or supervising your personnel employed in adjusting property claims in Texas.

**RESPONSE:**

**REQUEST NO. 19:**  "Pay Sheet," "Payment Log," or list of payments made on Plaintiff's claim. This includes all indemnity, claim expenses and third party payments.

**RESPONSE:**

**REQUEST NO. 20:**  True and complete copies of all billing records from any and all independent adjusters regarding the claim(s) made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 21:**  For the past five years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's claim that pertain to disciplinary actions associated with claims handling and performance under a bonus or incentive plan.

**RESPONSE:**

**REQUEST NO. 22:** The managerial bonus or incentive plan for the manager(s) assigned to or responsible for Plaintiff's claim.

**RESPONSE:**

**REQUEST NO. 23:** The bonus or incentive plan for the adjuster(s) assigned to Plaintiff's claim.

**RESPONSE:**

**REQUEST NO. 24:** For the past two years, the documents reflecting your criteria and procedure for the selection and retention of independent adjusters and engineers handling property damage claims in Texas.

**RESPONSE:**

**REQUEST NO. 25:** If a third-party engineer evaluated the subject property, provide the documents that show the number of other matters in which the same engineers were retained by you to evaluate other properties over the past five years.

**RESPONSE:**

**REQUEST NO. 26:** The Complaint Log required to be kept by you for claims handling complaints in Texas filed over the past three years.

**RESPONSE:**

**REQUEST NO. 27:** For the past two years, your approved or preferred vendor list for engineers, third party adjusters/adjusting companies, roofers and contractors, for property damage claims in Texas.

**RESPONSE:**

**REQUEST NO. 28:** If you used the services of a third party adjusting company, the contract between the Defendant insurer and the third party adjusting company.

**RESPONSE:**

**REQUEST NO. 29:** The correspondence between the Defendant insurer and the third-party adjuster/adjusting firms, engineers and other estimators who worked on the Claim that pertain to the claims at issue in this suit.

**RESPONSE:**

**REQUEST NO. 30:** The name and license number for all adjusters seen in this case.

-8-

**RESPONSE:**

**REQUEST NO. 31:**  Copies of all job descriptions of employees that adjusted or in any way supervise the handling of Plaintiff's claim(s).

**RESPONSE:**

**REQUEST NO. 32:**  Any and all reports, documents or correspondence reflecting the reserves and payment history for indemnity, expenses and vendors on this file including but not limited to dates, changes and requests made by the adjusters.

**RESPONSE:**

**REQUEST NO. 33:**  The assigned adjuster's damage estimates, photos, and scope of damage.

**RESPONSE:**

**REQUEST NO. 34:**  Special Investigations Unit file if one exists.

**RESPONSE:**

**REQUEST NO. 35:**  All documents between insured and his agent and between insured and claims department related to Plaintiff's claim.

**RESPONSE:**

**REQUEST NO. 36:**  All memos between adjuster, supervisor and management pertaining to Plaintiff's claim.

**RESPONSE:**

**REQUEST NO. 37:**  Documents and training materials regarding the estimating program that is used by Defendants in estimating and scoping of damages for insurance claims in Texas.  This also includes any pricing guidelines and program updates.

**RESPONSE:**

**REQUEST NO. 38:**  Any and all records and/or documents explaining criteria utilized to qualify vendors for the "approved vendors list."

**RESPONSE:**

**REQUEST NO. 39:**  Any and all records and/or documents reflecting the criteria utilized to qualify vendors, including contractors, roofing companies, and adjusting companies, for the "approved vendors list."

-9-

**RESPONSE:**

**REQUEST NO. 40:**  Any and all organizational charts or diagrams for each department, unit, or section of Defendant to which Plaintiff's claim(s) was assigned. This request is limited to the last five years.

**RESPONSE:**

**REQUEST NO. 41:**  Any and all indemnity agreements between Defendant and any other person, firm or corporation against which a claim of indemnification might be brought because of the facts of this lawsuit.

**RESPONSE:**

**REQUEST NO. 42:**  Any and all materials, handouts, manuals, outlines, articles and/or documents issued by Defendant to claims representative and/or adjusters, or received by claims representatives and/or adjusters, or relied upon by claims representatives and/or adjusters, pertaining to the adjusting and/or handling of property damage claims in Texas.  This request is limited to any of the above issued in the last two (2) years.

**RESPONSE:**

**REQUEST NO. 43:**  Any and all materials, documents, files and/or reports containing list(s) of adjusting companies, independent adjusters, contractors and roofing companies that have been approved and/or recommended for performance of services for Defendant in Texas, specifically related to homeowner insurance claims.

**RESPONSE:**

**REQUEST NO. 44:**  Any and all reference materials, handouts, manuals, outlines, articles and/or documents that have been distributed by and/or disbursed to Defendant regarding the price estimates of contractors and changes of those estimates within different geographical areas of the State of Texas.  This request is limited to the last two (2) years.

**RESPONSE:**

**REQUEST NO. 45:**  For the last year, all emails between Defendant's adjusters, agents, supervisors, officers and/or executives regarding changes in the educational programs relating to the handling of residential homeowner's insurance claims.

**RESPONSE:**

**REQUEST NO. 46:**  For the past five (5) years, any and all lawsuits related to claims handling involving the adjuster(s) or personnel assigned to Plaintiff's claim. This can be in the form of a list detailing the information above with the style of the lawsuit, court, county, causes of action made

-10-

the basis of the lawsuit, the type of insurance claim made the basis of the lawsuit, the year the lawsuit was filed and whether the lawsuit is still pending or not.

**RESPONSE:**

**REQUEST NO. 47:** Any and all correspondence and lawsuits concerning the issues of honesty, conflict of interest, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior of any person associated with the handling of the claim made the basis of this suit, including staff and vendors.

**RESPONSE:**

**REQUEST NO. 48:** For the past year, any and all answers and affidavits made by Defendants and its counsel in previous discovery requests for training procedures or training manuals for the handling of property damage claims.

**RESPONSE:**

**REQUEST NO. 49:** If you dispute that the cause of the loss was related solely to the Event, produce the engineering reports in your possession regarding damage to property within a one-mile radius of the insured property caused by the Event.

**RESPONSE:**

**REQUEST NO. 50:** Any documents or correspondence regarding investigations into Defendant's homeowner's insurance claims handling performed by the Texas Department of Insurance or any other regulatory body, including the government, within the past 2 years.

**RESPONSE:**

**REQUEST NO. 51:** Please provide any documentation of financial information which may be necessary to determine whether Defendant is a wholly owned subsidiary of another entity.

**RESPONSE:**

**REQUEST NO. 52:** All communications and documents, including electronic, between Defendant's business departments, including all persons part of the Defendant Company, regarding Plaintiff's claim.

**RESPONSE:**

**REQUEST NO. 53:** All reports and other documents from governmental agencies or offices regarding Plaintiff's property or containing officially kept information regarding Plaintiff's property.

**RESPONSE:**

**REQUEST NO. 54:**  Any and all claims files Defendant has reviewed and/or obtained regarding Plaintiff's property.

**RESPONSE:**

**REQUEST NO. 55:**  Any and all activity logs relating to Plaintiff's insurance claim made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 56:**  All physical and/or tangible items and/or potentially usable evidence obtained by or on behalf of Defendant from the scene of the occurrence made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 57:**  Any and all documents, including correspondence and checks, exchanged between Defendant and any and all vendors concerning Plaintiff's claim(s).

**RESPONSE:**

**REQUEST NO. 58:**  Any and all documents relating to the assignment of Plaintiff's claim(s) to an independent adjusting company and/or independent adjuster.

**RESPONSE:**

**REQUEST NO. 59:**  Any and all documents, including contracts, rules, guidelines and/or instructions exchanged between Defendant, Plaintiff, and any other entities with whom Defendant worked or communicated regarding Plaintiff's property. This includes documents exchanged with independent adjusting companies and/or independent adjusters assigned to Plaintiff's claim.

**RESPONSE:**

**REQUEST NO. 60:**  The information regarding weather conditions on which you relied in making decisions on Plaintiff's claim(s).

**RESPONSE:**

CAUSE NO. _____

| | | |
|---|---|---|
| **MARIA BALL,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **METROPOLITAN LLOYDS** | § | |
| **INSURANCE COMPANY OF TEXAS** | § | |
| **and TAILORED ADJUSTMENT** | § | |
| **SERVICES, INC.,** | § | |
| | § | |
| **Defendant.** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT
## METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS

TO:    Defendant, Metropolitan Lloyds Insurance Company of Texas, by and through its registered agent for service of record, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

      Plaintiff, Maria Ball, requests that Defendant take notice that you are required, pursuant to Rule 197 of the Texas Rules of Civil Procedure, to serve on the undersigned, within fifty-one (51) days after the service of this notice, your answers to the interrogatories that are set forth below. Your answers must be in writing and provided under oath. Please note that you have a duty to supplement your answers to these interrogatories should you later learn that an answer you have given was incorrect when given, or that an answer, while correct when given, is no longer true.

Respectfully submitted,
THE LANE LAW FIRM, PLLC

By: /s/ Robert C. Lane
Robert "Chip" C. Lane
State Bar No. 24046263
lane@lanelaw.com

1

Jack D. Kitchen
State Bar No. 24084320
Jack.kitchen@lanelaw.com
6200 Savoy Drive, Suite 1150
Houston, Texas 77036-3300
(713) 595-8200 – Telephone
(713) 595-8201 – Facsimile
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of August, 2017, the foregoing discovery was filed with Plaintiff's Original Petition for service to the following:

CT Corporation System
1999 Bryan Street, Suite 900
Dallas, Texas 75201-3136
**REGISTERED AGENT FOR,**
**METROPOLITAN LLOYDS**
**INSURANCE COMPANY OF TEXAS**

*/s/ Robert C. Lane*
Robert C. Lane

2

# I.
## DEFINITIONS AND INSTRUCTIONS

A. The terms "Defendant," "you," and "yours," as used herein shall refer to the defendant Metropolitan Lloyds Insurance Company of Texas in this action.

B. The term "Property" shall refer to the property located at 8912 Forest Lake Drive, Montgomery, Texas 77316.

C. The term "Plaintiffs" as used herein shall refer to Maria Ball and all of her agents or attorneys purporting to act on his behalf, whether authorized to do so or not.

D. The term "person" as used herein shall mean the plural as well as the singular, including but not limited to the following: natural persons, corporations, firms, associations, partnerships, joint ventures, or other form of legal business entity, and governmental agencies, departments, units or any subdivision thereof.

E. "The Policy" means the insurance policy that is the basis of claims made against Defendant in this lawsuit.

F. The "Event" as used herein shall to the loss event made the basis of the Claim.

G. "Date of Loss" shall refer to the day the Event occurred.

H. "Insured Location" means the real property at the location described in the Policy declarations.

I. "Dwelling" means the dwelling located at the Insured Location at the time of the date of loss.

J. "Other Structures" means any structures located at the Insured Location during the date of loss that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

K. "Other Damages" means debris removal, temporary repairs, tree and shrub removal, personal property removal and storage, loss of use and additional living expenses.

L. "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against Defendant in this lawsuit.

M. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

N. "The Claim" means the insurance claim made the basis of the breach of contract claim

3

against Defendant in this lawsuit.

O.   "Written Communication" means the conveyance of information by a writing, whether by letters, emails, memoranda, handwritten notes and/or faxes.

P.   "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. *See* Texas Rule of Civil Procedure 192.3(h).

Q.   "Date" means the exact date, month and year, if ascertainable, or if not, the best available approximation.

R.   The term "document" is used herein in the broadest possible sense, and includes but is not limited to the originals and all copies of the following: contracts, agreements, checks, drafts, appraisals, affidavits, notices, memoranda, letters, correspondence of any and all types, intercorporate communications, reports, bulletins, instructions, sketches, notebooks, diaries, telephone logs, agenda, minutes, schedules, plans, drawing specifications, charts, tables, books, pamphlets, circulars, photographs, films, videotapes, videodiscs, prints, audio tapes, audio disks and all other forms of sound recordings, computer databases, computer disks or tapes, archival copies of computer disks or tapes, computer software, financial records including all ledgers, worksheets, budgets, projections, estimates, or opinions, as well as all writings of any nature whatsoever, including all copies and electrical, photostatic, or mechanical reproductions of all of the foregoing items, and including each copy or reproduction that contains any notation or amendment, or otherwise differs in any respect from the original.

S.   The term "communication" shall mean any contact between two or more persons and shall include, but not be limited to, any written, recorded, graphic or oral statement, testimony, meeting, question, complaint, command, supposition, or conjecture, however produced or reproduced, and whether or not made under oath, which is made, distributed, or circulated between or among persons, or data storage or processing units, and any and all documents containing, consisting of, or relating to, a communication.

T.   To "identify" a document shall include a statement of the following:

   1.   the title, heading, or caption, if any, of such document;

   2.   the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document or evaluation of any claim of

4

protection from discovery;

3.   the date appearing on such document; and if no date appears thereon, the answer shall give the approximate date on which the document was prepared;

4.   the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.) with sufficient particularity so that such document can be precisely identified;

5.   the name and capacity of the person who signed such document or over whose name such document was issued; and if it was not signed, the answer shall so state and shall give the name of the person who prepared it;

6.   the names and capacities of all persons to whom such document of any copy was addressed, sent, or delivered;

7.   the physical location of the document and the name of its custodian;

8.   whether it will be voluntarily made available to plaintiff for inspection and copying; and if not, the reasons why not.

U.   To "identify" a person shall include a statement of the following, where applicable:

1.   the full name of the person, if known; (if not known, the answer shall so state);

2.   the person's employer, job title (if known), address, and telephone number at the time of the event, transaction, or occurrence to which the interrogatory relates;

3.   if different from the information above, the person's last known employer, job title, address, and telephone number; (If not known, the answer shall so state); and

4.   the person's present residential address and telephone numbers, if known.

V.   To "identify" a communication means to state:

1.   the name of each person who participated in the communication and the name of each person who was present at the time it was made;

2.   by whom each person was employed and who each person represented or purported to represent in making such communication;

3.   the substance of the communication;

4.   the date and place of such communication;

5

5.      the nature and substance of each document recording or pertaining to such communication with sufficient particularity to enable it to be identified;

6.      the physical location of each such document and the name of its custodian; and

7.      whether it will be voluntarily made available to plaintiff for inspection and copying; and if not, the reasons why not.

## II.
## GENERAL INSTRUCTIONS

1.      In answering these interrogatories, please furnish all information that is known or available regardless of whether this information is possessed directly by you, or by your agents, employees, representative, attorneys, or investigators.

2.      If any of these interrogatories cannot be answered in full, please answer to the extent possible, specifying the reasons for the inability to answer the remainder and stating whatever information, knowledge, or belief you have concerning the unanswered portion.

3.      Documents produced in response hereto shall be organized and labeled to correspond to the categories in the request or produced as they are kept in the usual course of business.

4.      If privilege of work product protection is claimed as a ground for withholding production of one or more documents, in whole or in part, the response hereto shall identify the date of the document, its author, its subject matter, its length, its attachments, if any, its present custodian, and all recipients thereof, whether indicated on the document or otherwise, and shall describe the factual basis for the claim of privilege or work product protection in sufficient detail so as to permit the court to adjudicate the validity of the claim.

5.      In the event that a document called for by these requests has been destroyed, the response hereto shall identify the preparer of the document, its addressor (if different), addressee, each recipient thereof, each person to who distributed or shown, date prepared, date transmitted (if different), date received, a description of its contents and subject matter, the date of its destruction, the manner of its destruction, the name, title and address of person authorizing its destruction, the reason(s) for its destruction, the name, the title and address of the person destroying the document and a description of efforts to locate the document and copies of it.

6.      Each paragraph herein shall be construed independently and not with reference to any other paragraph for the purpose of limitation.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person participating in the preparation of answers to these interrogatories, supplying information used in such preparation, or contacted by you to answer or offer any input into answering these interrogatories. As to each person so identified, indicate the interrogatories with respect to which the person was involved. Further, state your relationship to each such person.

**ANSWER:**

**INTERROGATORY NO. 2:** Identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

**ANSWER:**

**INTERROGATORY NO. 3:** With regard to any conversation, communication or meeting between you and Plaintiff regarding the subject of the litigation:

    a.  state the date of the conversation, communication or meeting;

    b.  identify all persons present at or privy to the conversation, communication or meeting and all persons with knowledge of the matters discussed at the meeting;

    c.  state in detail what was discussed during the conversation, communication or meeting; and

    d.  identify all documents relating, incident to or resulting from the conversation, communication or meeting.

**ANSWER:**

**INTERROGATORY NO. 4:** State whether you contend that Plaintiff did not provide you with requested information that was required for you to properly evaluate Plaintiff's claim. If so, state what information was requested and not provided, and the dates of the requests.

**ANSWER:**

**INTERROGATORY NO. 5:** State the following concerning notice of claim and timing of payment:

    a.  The date and manner in which you received notice of the claim;
    b.  The date and manner in which you acknowledged receipt of the claim;
    c.  The date and manner in which you commenced investigation of the claim;

   d.  The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believed, at the time, would be required from the claimant;

   e.  The date you received from Plaintiff all items, statements, and forms that you reasonably believed would be required from Plaintiff; and

   f.  The date and manner in which you notified the claimant in writing of the acceptance or rejection of the claim.

**ANSWER:**

**INTERROGATORY NO. 6:**    State every basis, in fact and in terms of the Policy, for your denial of Plaintiff's claim, or any portion of Plaintiff's claim.

**ANSWER:**

**INTERROGATORY NO. 7:**    State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Texas Insurance Code Section 541.060, the violation of which is alleged in Plaintiff's current live pleading against Defendant.

**ANSWER:**

**INTERROGATORY NO. 8:**    State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.058.

**ANSWER:**

**INTERROGATORY NO. 9:**    When was the date you anticipated litigation?

**ANSWER:**

**INTERROGATORY NO. 10:**    What documents (including those maintained electronically) relating to the investigation or handling of a homeowner's property insurance claim in Texas are routinely generated during the course of the investigation and handling of the claim (e.g. Investigation Reports; records; reserves sheet; electronic claims diary; a claims review report; team controversion report)?

**ANSWER:**

**INTERROGATORY NO. 11:**    Please list and describe the types of property conditions that are, in your opinion, evidence of windstorm or hail damage.

**ANSWER:**

8

**INTERROGATORY NO. 12:**     Do you contend that the insured premises were damaged by flood water, storm surge and/or any excluded peril? If so, state the general factual bases for this contention.

**ANSWER:**

**INTERROGATORY NO. 13:**     Do you contend that Plaintiff failed to satisfy any condition precedent to recovery or that any act or omission by the Plaintiff voided, nullified, waived, or breached the insurance policy in any way?   If so, state the general factual bases for this contention(s).

**ANSWER:**

**INTERROGATORY NO. 14:**     Please identify the written procedures or policies (including document(s) maintained in electronic form) you maintained for your internal or third party adjusters to use in connection with handling property and casualty claims arising out of storms of the type made the basis of Plaintiff's insurance claim.

**ANSWER:**

**INTERROGATORY NO. 15:**     How is the performance of adjusters involved in handling Plaintiff's claim evaluated?   State the following:

     a.  what performance measures are used; and
     b.  describe your bonus or incentive plan for adjusters.

**ANSWER:**

9

Received and E-Filed for Record
9/29/2017 3:08 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 17-08-10524

| | | |
|---|---|---|
| MARIA BALL, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | MONTGOMERY COUNTY, TEXAS |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS | § | |
| AND TAILORED ADJUSTMENT | § | |
| SERVICES, INC. | § | |
| | § | |
| Defendants. | § | 284TH JUDICIAL DISTRICT |

## DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas, ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. VERIFIED DENIAL

Defendant Metropolitan Property and Casualty Insurance Company, pursuant to Rule 93(1), (2) and (4) of the Texas Rules of Civil Procedure, files this Verified Denial, stating that Plaintiff Maria Ball is not entitled to recover in the capacity in which she sues. Furthermore, Defendant Metropolitan Property and Casualty Insurance Company states that there is a defect of parties and that Plaintiff Maria Ball is not a proper party to this proceeding.

### I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiff's Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

---

**DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' ORIGINAL ANSWER - PAGE 1**

## II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiff for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for

punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiff is not entitled to recovery of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Defendant further alleges all of the terms and provisions of the policy of insurance issued to Maria Rosquete by Metropolitan Lloyds Insurance Company of Texas, including but not limited to the following policy provisions:

**COVERAGE A - DWELLING**
1.  **Dwelling Owners.** If **your** dwelling is a one, two, three or four family dwelling, **we** cover:
    A.  the dwelling owned by **you** on the **residence premises**; and
    B.  structures, equipment and accessories attached to the dwelling. Swimming pools not fully enclosed within the dwelling are covered under **COVERAGE B - PRIVATE STRUCTURES.**

\* \* \*

**COVERAGE B – PRIVATE STRUCTURES**
At the location of the **residence premises:**
1.  **we** cover private structures owned by **you** and separated from the dwelling by clear space; or

\* \* \*

Structures connected to the dwelling by only a fence, utility line, or similar connection are considered to be private structures

**We** do not cover private structures:
1.  used or held for any **business** or commercial farming purposes; or
2.  rented or held for rental to a person not a tenant of the dwelling, unless solely used as a private garage.

This coverage does not apply to land, including land on which the private structures are located, or any costs required to replace, rebuild, stabilize or otherwise restore the land.

\* \* \*

**COVERAGE C - PERSONAL PROPERTY**
**Personal Property Covered**
**We** cover personal property owned or used by **you** while it is anywhere in the world.

\* \* \*

## CAUSES OF PROPERTY LOSS

### SECTION I - LOSSES WE COVER
### (COMPREHENSIVE PERILS)

**LOSS DEDUCTIBLE CLAUSE**
**We** will pay only when a loss exceeds the deductible amount shown in the Declarations. **We** will pay only that part of the loss over such stated deductible.

**COVERAGE A – DWELLING**
**COVERAGE B – PRIVATE STRUCTURES**
**COVERAGE C – PERSONAL PROPERTY**
**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverages A, B and C, except as excluded in **SECTION 1 – LOSSES WE DO NOT COVER.**

### SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss will apply for sudden and accidental direct physical loss.

Under the named perils listed below, **we** do not cover loss or damage, no matter how caused, to the property which results directly or indirectly from **fungus and mold**. There is no coverage for loss which, in whole or in part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold**. This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES** for **Fungus and Mold Remediation**.

\* \* \*

2.   **Windstorm or Hail**
     **We** do not pay for loss to the interior of a building or to personal property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.

\* \* \*

## SECTION I - LOSSES WE DO NOT COVER

\* \* \*

1.   **We** do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

\* \* \*

D.   **Water damage**, meaning any loss caused by, resulting from, contributed to or aggravated by:

   1.   flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;
   2.   water or water-borne material which backs up through sewers or drains, or which overflows or is discharged from a sump pump, sump pump well or other system designed to remove subsurface water which is drained from the foundation area; or
   3.   water or water-borne material below the surface of the ground, including water which exerts pressure on, or flows, seeps or leaks through any part of a building, sidewalk, foundation, driveway, swimming pool or other structure of water which causes earth movement

This exclusion applies whether or not the water damage is caused by or results from human or animal forces or any act of nature.

However, **we** pay for direct loss that ensues after water damage if caused by fire, theft or explosion and then **we** pay for only the ensuing loss.

Water damage to property described in Coverage C away from a premises or location owned, rented, occupied or controlled by **you** is excluded even if weather conditions contribute in any way to produce the loss.

\* \* \*

H.   **Neglect** by **you** to use all reasonable means to save and preserve property at and after the time of a loss.

---

* * *

2.    **We** do not insure under Coverage A and Coverage B for any loss consisting of one or more of the items below. However, **we** pay for any ensuing loss unless the ensuing loss is itself excluded by any other provision in this policy. Further, **we** do not insure for loss described in Exclusion 1. above and Exclusions 3. and 4. below regardless of whether one or more of the following:   (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss. The items are:
    A.    conduct, act, failure to act, or decision of any person, group, organization or governmental body;
    B.    defective, inadequate, faulty or unsound:
        1.    planning, zoning, development, surveying, siting;
        2.    design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
        3.    materials used in repair, construction, renovation or remodeling; or
        4.    maintenance;
    of any property whether on or off the residence **premises**. Property includes land, structures or improvements of any kind; and
    C.    weather conditions.

    However, this exclusion only applies if weather conditions contribute in any way with an excluded event or cause of loss to produce the loss.

3.    **We** do not cover loss or damage to the property described in Coverage A, Coverage B and Coverage C which results directly or indirectly from any of the following:

    A.    wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

* * *

We do pay for any direct loss that follows items A. through H. to property described in Coverages A, B and C not otherwise excluded or excepted in this policy and then we pay for only the ensuing loss. If a covered water loss follows, we will pay the cost of tearing out and replacing any part of the building necessary to repair the plumbing or appliance, but we do not cover loss to the plumbing or appliance from which the water escaped.

* * *

Pleading further, Defendant would also assert that Plaintiff has failed to comply with the terms and conditions of the insurance policy issued by Metropolitan Lloyds Insurance Company of Texas to Maria Rosquete. Specifically, the subject insurance policy provides as follows:

### SECTION I – CONDITIONS

\* \* \*

2.  **What you Must do After a Loss. We** have no obligations to provide coverage under this policy if **you** or **your** representative fail to comply with the following duties and the failure to comply is prejudicial to **us:**

    A.  Promptly notify **us** or **our** representative.
    B.  Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.
    C.  Cooperate with us in the investigation of a claim.

    \* \* \*

    E.  At any reasonable time and place **we** designate, and as often as **we** reasonably require:
        1.  show **us** the damaged property;
        2.  submit to questions concerning the loss under oath while not in the presence of any other person defined as **"you"**, and sign and swear to the answers; and

    \* \* \*

7.  **Appraisal.** If **you** and **we** fail to agree on the amount of loss, either **you** or **we** can make a written demand for an appraisal of the loss. Each party will select a competent appraiser and notify the other within 20 days of the appraiser's identity. The two appraisers will select a competent and impartial umpire. If the two appraisers are unable to select an umpire within 15 days, **you** or **we** can request that the choice of an umpire be made by a judge of a court of record in the state where the **residence premises** is located.

    The appraisers will separately set the amount of loss determining the full replacement cost and **actual cash value** for each item as needed. If the appraisers submit a written report of an agreement to **us**, the amount agreed upon will be the amount of the loss. If they fail to agree, they will submit their differences to the umpire. The written award by two of these three people for any item will set the amount of loss and is binding on **you** and **us** when filed with **us.**

**You** will pay the appraiser selected by **you**. **We** will pay the appraiser selected by **us**. **You** and **we** will split the other expenses of appraisal and the fee of the umpire.

With regard to Appraisal, the term **"you"** applies only to the named insured, including spouse if a resident of the same household.

Pleading further, Plaintiff failed to promptly repair the subject property and based upon information and belief, has not performed necessary repairs to the property.

### III. JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiff take nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

STACY & CONDER, LLP

By:  Dennis D. Conder
     State Bar No. 04656400
901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 29th day of September, 2017, a copy of the foregoing was delivered via certified mail, return receipt requested, to Plaintiff's counsel of record.

_____

Dennis D. Conder

PAN/PLDG/592721.1/001466.17018

STATE OF *Missouri* §

COUNTY OF *St. Louis* §

    BEFORE ME, the undersigned Notary Public, on this day personally appeared Sharon Litzsinger who being by me duly sworn on her oath deposed and said that she is a representative for Metropolitan Lloyds Insurance Company of Texas, that she has read the foregoing Original Answer for which this Verification has been prepared; and that to her personal knowledge states the statements contained therein are true and correct.

                                          Sharon Litzsinger

    SUBSCRIBED AND SWORN TO BEFORE ME on this _26_ day of September, 2017, to certify which witness my hand and official seal.

> **SALLY A SNEED**
> Notary Public - Notary Seal
> State of Missouri, Jefferson County
> Commission # 15003415
> My Commission Expires Feb 1, 2019

                         Notary Public in and for the State of _Missouri_